UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SANDRA BUCZEK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT E. CARTER JR., and )<br>MICHAEL DEAKINS, SR., )<br>)<br>Defendants. ) | 2:04-cv-285-WGH-JDT |

**ENTRY ON DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

**Introduction**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendants' Motion for Summary Judgment filed October 2, 2006. (Docket Nos. 69-70).[1] Plaintiff filed his Response on November 1, 2006. (Docket No. 75). Defendants filed their Reply Brief on November 15, 2006. (Docket No. 77).

**Background**

Defendants filed the pending Motion for Summary Judgment claiming that: (1) defendant Michael Deakins is entitled to summary judgment because plaintiff failed to file a tort claim that named him; (2) defendant Sheriff of Clay County is entitled to summary judgment because plaintiff has failed to demonstrate a custom,

---

[1] The parties consented to Magistrate Judge jurisdiction in this case. (Docket Nos. 31, 32, 80). District Judge John Daniel Tinder entered Orders of Reference on July 7, 2006, and January 8, 2007. (Docket Nos. 33, 82).

policy, or practice that led to plaintiff's injuries and that plaintiff has been unable to demonstrate the negligent hiring or retention of Officer Deakins.

The court concludes that, for the following reasons, defendants' Motion for Summary Judgment should be **GRANTED, in part,** and **DENIED, in part.**

### Summary Judgment Standard

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The motion should be granted so long as no rational fact finder could return a verdict in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Thus, a court's ruling on a motion for summary judgment is akin to that of a directed verdict, as the question essentially for the court in both is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. When ruling on the motion, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences therefrom in that party's favor. *Id.* at 255. If the nonmoving party bears the burden of proof on an issue at trial, that party "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *see also Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999). Lastly, the moving party need not positively disprove the nonmovant's case;

rather, it may prevail by establishing the lack of evidentiary support for that case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

## Analysis

**1.      Officer Michael Deakins' Motion for Summary Judgment**

Defendant Michael Deakins, Sr. ("Deakins") moved for summary judgment in this case alleging that plaintiff failed to comply with the notice provisions of the Indiana Tort Claims Act ("ITCA"). The ITCA provides that an individual is required to give notice to a government entity or employee of a claim against them and explains that:

> The notice required by sections 6, 8, and 9 of this chapter must describe in a short and plain statement the facts on which the claim is based. The statement must include the circumstances which brought about the loss, the extent of the loss, the time and place the loss occurred, the names of all persons involved if known, the amount of the damages sought, and the residence of the person making the claim at the time of the loss and at the time of filing the notice.

Ind. Code § 34-13-3-10. As Indiana courts have noted, "[f]ailure to strictly conform with the ITCA's notice provisions is not fatal if the claimant demonstrates he has substantially complied." *Irwin Mortg. Corp. v. Marion County Treasurer,* 816 N.E.2d 439, 446 (Ind. Ct. App. 2004). The Indiana Court of Appeals recently reiterated its view that, in determining if an individual has substantially complied with the notice requirements of the ITCA, it is important to examine the purpose of the ITCA which is "[t]o inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine its possible liability, and prepare a

defense against the claim." *Orndorff v. New Albany Housing Authority,* 843 N.E.2d 592, 596 (Ind. Ct. App. 2006). Hence, an individual will be deemed to have substantially complied with the notice requirements of the ITCA so long as the notice was filed timely and the notice "informs the municipality of the claimant's intent to make a claim, and contains sufficient information which reasonably affords the political subdivision an opportunity to promptly investigate the claim. . . ." *Irwin Mortg.,* 816 N.E.2d at 446.

> Here, the notice that plaintiff provided on August 19, 2004, was as follows:
>
> Pursuant to IC 34-13-3-8, Sandra L. Buczek gives notice of intent to sue the Clay County Sheriff's Department and Deputy Jeff Maynard for an incident that occurred on February 28, 2004. On that date, Deputy Jeff Maynard made inappropriate sexual requests, battery involving appropriate touching of sexual areas and used of [sic] excessive force during a traffic stop conducted by Deputy Maynard on our client at 500S and SR 59 in Clay Co. Sandra L. Buczek suffered physical and emotional injuries as a result. At the time of the loss, Sandra L. Buczek resided at P.O. Box 18, Clay City, IN 47841.

(Defendant's Memorandum of Law in Support of Defendants' Motion for Summary Judgment at Exh. 1). However, by at least April 2, 2004, only 33 days after the incident, an Indiana State Police Report informed the Clay County Sheriff that the incident plaintiff complained of involved both Jeff Maynard and Deakins. (Plaintiff's Brief in Response to Defendants' Motion for Summary Judgment at Exh. B). Defendants Clay County (who has since been dismissed from this lawsuit) and the Sheriff of Clay County had an investigation that was well under way long before notice of the tort claim had been filed. Defendants knew that both Maynard and Deakins were involved in the stop that lead to plaintiff's claims. Because the court believes that plaintiff has substantially complied with the requirements of the ITCA

in that she provided notice that reasonably afforded Clay County an opportunity to investigate the claim, the court concludes that defendant Michael Deakins' Motion for Summary Judgment must be **DENIED.**

## 2.     Sheriff of Clay County's Motion for Summary Judgment

Defendant Sheriff of Clay County also moved for summary judgment on plaintiff's § 1983 claim.  However, this suit was filed 25 months ago, and the original Complaint listed the Sheriff of Clay County as a defendant.  Defendant agreed to a Case Management Plan that set an October 2005 deadline for dispositive motions.  On August 9, 2006, defendant Officer Deakins moved to continue the trial and establish new deadlines for discovery and dispositive motions.  The Sheriff of Clay County did not join in this motion.  On August 11, 2006, the court granted Officer Deakins' motion to continue and reset the trial for January 16, 2007.  The record does not indicate that the Sheriff of Clay County requested additional time to file new dispositive motions.  In light of the fact that the Sheriff of Clay County has been involved in this suit from the outset and that the record does not indicate any request by the Sheriff of Clay County to extend dispositive motion deadlines, the court concludes that defendant Sheriff of Clay County's Motion for Summary Judgment was untimely filed.

However, despite the untimely nature of this defendant's Motion for Summary Judgment, the court has serious concerns regarding plaintiff's § 1983 claim against the Sheriff of Clay County.  In order to impose liability upon the Sheriff of Clay County under § 1983, plaintiff must demonstrate that she was deprived of a constitutionally protected right pursuant to a Clay County Sheriff's Office custom,

policy, or practice.  Plaintiff can show the existence of a custom, policy, or practice by showing one of the following:  (1) there is an express policy that, when enforced, causes a constitutional deprivation; (2) there is a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the constitutional injury was caused by a person with final policy-making authority.  *Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

Clearly plaintiff has not provided any evidence that there was an express policy of the Clay County Sheriff that lead to her alleged constitutional deprivation.  Additionally, plaintiff has not alleged any widespread practice of hiring police officers with records of prior sexual misconduct.  And, the Seventh Circuit has indicated that "[a]lleging one specific incident in which the plaintiff suffered a deprivation and generally alleging a custom or policy will not be adequate; the plaintiff must allege a specific pattern or series of incidents that support the general allegation."  *Hossman v. Blunk,* 784 F.2d 793 (7th Cir. 1986).  Plaintiff's reliance on one incident to demonstrate a custom, policy, or practice is, therefore, improper.  Finally, while the Sheriff of Clay County is a person with final policy-making authority, any constitutional injury to plaintiff was "caused" by the police officers on the scene, not the Sheriff of Clay County.  Hence, plaintiff has failed to produce any evidence that a custom, policy, or practice of the Clay County Sheriff lead to a deprivation of her constitutionally protected rights.  Although defendant Sheriff of Clay County's Motion for Summary Judgment was technically untimely filed, the court concludes

that, in light of the lack of evidence of a Clay County Sheriff's Office custom, policy, or practice, defendant's Motion For Summary Judgment is **GRANTED.**

### Conclusion

Defendants' Motion for Summary Judgment is **GRANTED, in part,** and **DENIED, in part**. Plaintiff's § 1983 claim against defendant Sheriff of Clay County is **DISMISSED.** Only plaintiff's claims against defendant Michael Deakins remain for trial.

**SO ORDERED.**

**Dated:** January 17, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

January Nicole Portteus
ROBERTS & BISHOP
jportteus@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com